UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV417 RLW |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Jim Harris, Jr.'s Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1). Because this Court has determined that Harris's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Harris's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On July 12, 2012, in the Circuit Court of Scott County, Missouri, Harris pleaded guilty to one count of first-degree assault. The Honorable David Dolan sentenced Harris to 15 years' imprisonment in the Missouri Department of Corrections and the sentence would run concurrent to a federal case to which he had already pleaded guilty.

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]n a §2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's]

precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. GROUND ONE

In his first ground, Harris asserts plea counsel was ineffective because counsel allegedly told him that if he received a large sentence on federal charges, the State agreed to drop the state charges against him.

Harris, however, did not present this claim on his post-conviction appeal under Missouri Rule 24.035. The Court holds that Harris's first ground for relief is defaulted because he did not brief this claim in his post-conviction appeal. As a result this claim is barred. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997)("If the petitioner has "failed to follow applicable state procedural rules in raising the claims, he is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies.")(internal citation omitted). Likewise, Harris's habeas petition does not show good cause and actual prejudice sufficient to allow this Court to review this claim. *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (must show good cause and actual prejudice). Therefore, the Court holds that it is procedurally barred from reviewing this claim.

In any event, Harris's first ground for relief lacks merit. To support an ineffective assistance of counsel claim, a movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." *Paul v. United States*, 534 F.3d 832, 836 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The movant must

-3-

also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Moreover, the Court holds that Harris's claim is meritless. In his Petition, Harris asserts he received "two letters" from his plea counsel stating that his state charges would be dropped. (Petition at 6). However, Harris admitted that the two letters do not support this theory. Harris testified at his post-conviction evidentiary hearing that he received the first letter from counsel on January 19, 2012. In that letter, counsel stated that she was talking to the state prosecutor to obtain a plea whereby Harris's state charges would be dismissed. (Resp. Ex. A at 8). However, in the second letter from counsel, dated June 29, 2012, she wrote that the state prosecutor would not agree to dismiss the state charges and would proceed on those charges against Harris. (Resp. Ex. A at 9). Therefore, based on his own testimony, Harris knew that the State would not dismiss his state charges when he pleaded guilty on July 12, 2012.

In addition, Harris's written guilty plea confirms that he knew the state charges would not be dismissed as part of his federal plea deal. In his Petition to Enter Plea of Guilty, Harris agreed that he understood that the State would recommend a sentence of fifteen years' imprisonment to be served concurrently with his federal sentence. (Resp. Ex. B, ECF No. 9-2, at 11-15). Harris also stated that no one had offered him any leniency or made him any promises regarding his sentence. (*Id.*) Likewise, at the plea hearing, Harris answered that no promises or threats had been made to obtain his guilty plea. (ECF No. 9-2 at 20). The Court

then found Harris's plea to be knowing and voluntary and entered the sentenced recommended as part of the plea. (ECF No. 9-2 at 23).

Therefore, the Court holds that Harris's written and verbal statements that the State did not promise to drop the state charges as part of his plea deal refute Harris's present claim that his plea counsel was ineffective. The objective facts demonstrate that Harris pleaded guilty as part of a plea deal and received the sentence as set forth therein. Accordingly, the Court holds that there is no basis for Harris's ineffective assistance of counsel claim and denies his first ground for relief.

## II. Grounds Two and Three

In his second ground for relief, Harris asserts that he received ineffective assistance of post-conviction counsel because she failed to timely file an amended motion and did not raise the issues with his plea in his post-conviction appeal. (Petition at 7-8). Harris's second ground for relief is denied because ineffective assistance of post-conviction counsel cannot be a standalone claim for federal habeas relief. Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." *Martinez v. Ryan*, 566 U.S. 1, 17, 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991) (citing *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982)). Therefore, the Court denies Harris's second ground for relief.

In his third ground for relief, Harris alleges that post-conviction motion court erred in denying his motion to proceed pro se and to strike counsel's amended motion. (Petition at 9).[2]

---

[2] Although Harris states in his Petition that the "Plea Court" erred, Harris clearly means the post-conviction court because he refers to issues with post-conviction counsel and her failure to present the claims Harris wanted to raise in post-conviction proceedings.

This claim also fails to state a claim for federal habeas relief because "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (citing *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) (alleged denial of effective assistance of counsel at Rule 27.26 hearing is not cognizable under § 2254), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984)). "Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Williams-Bey*, 894 F.2d at 317 (citing *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981)). Harris's claim that the Missouri post-conviction court erred in denying his motion to proceed pro se and to strike counsel's amended motion relates to the state's post-conviction procedure and is collateral to Harris's conviction and detention. Therefore, the Court holds that Harris's third ground is not a cognizable 28 U.S.C. §2254 claim and dismisses Harris's third ground for relief.

### III.   GROUND FOUR

In ground four, Harris claims that the plea court and state prosecutor breached the plea agreement because they "knew or should have known that state conviction would not be concurrent with federal sentence already imposed, causing me to believe my federal time was running, and that the 25 year federal sentence would swallow up the state sentence." (ECF No. 1 at 10). As previously discussed, the plea court also went over the plea with Harris and he agreed that no promises had been made to him as part of the deal and that he was aware of the terms of his plea deal. Therefore, the Court finds no basis for relief in ground four.

## IV. GROUND FIVE

In Count Five, Harris seems to argue that there was no probable cause for his arrest, citing Magistrate Judge Blanton in Case No. 1:10CR72 (May 6, 2011). However, the Court notes that Magistrate Judge Blanton did not find that there was no probable cause for Harris's arrest. Rather, Magistrate Judge Blanton issued a Report and Recommendation (ECF No. 129), which was adopted by Judge Jackson (ECF No. 140). As a result Harris's motion to suppress evidence and statements were denied. Thereafter, Harris pleaded guilty to Interference with Commerce by Threat of Violence (Count I), Possession of a Firearm in Furtherance of a Crime of Violence (Count II), and Felon in Possession of Ammunition (Count III). (ECF No. 1:10CR72 at 155). Nothing in the record indicates that Judge Blanton found there was no probable cause for Harris's arrest. Moreover, any claim that there was no probable cause for Harris's arrest in the 1:10CR72 criminal case should have been addressed in the §2255 habeas motion that was filed in 1:13CV66-SNLJ. In any event, the Court holds that any claim that there was not probable cause to arrest Harris is not properly before this Court and ground five is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Jim Harris, Jr.'s Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 29th day of October, 2018.

*signature*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE