UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:16CV417 RLW |
| IAN WALLACE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a remand from the Eighth Circuit Court of Appeals regarding Petitioner Jim Harris, Jr.'s ("Harris") claim that his plea counsel was ineffective. Harris maintains that his plea counsel was ineffective because she advised Harris that his state prison term would run concurrently with his federal prison term. For the reasons stated herein, the Court finds Harris's counsel was not ineffective and denies Harris's habeas petition.

### BACKGROUND

The State of Missouri charged Petitioner Jim Harris, Jr. ("Harris") with one count of Assault in the First Degree, one county of Armed Criminal Action, and one count of Robbery in the First Degree. On February 19, 2020, Harris was arrested and taken into custody of the Scott County Sheriff. Thereafter, Harris was "on loan" to federal custody, having been charged by Indictment in federal court on April 15, 2010. In federal court and prior to entering his State Court Plea, Harris pleaded guilty and received a 25-year (300 month) sentence in the United States District Court for the Eastern District of Missouri ("Federal Court Plea"). The District Court did not order Harris's federal sentence to run concurrent to his state sentence. Over two years later,

Harris entered a plea of guilty ("State Court Plea") to Assault in the First Degree in the Circuit Court of Scott County ("State Plea Court"). At the time of the plea, Harris was represented by an attorney (hereinafter, "Plea Counsel").

Prior to Harris's State Court Plea, Plea Counsel and the state prosecuting attorney agreed to recommend a 15-year state sentence to run concurrent with Harris's federal sentence. Plea Counsel and Harris executed a Petition to Enter Plea of Guilty, affirming that the prosecuting attorney had promised to recommend a 15-year sentence to run concurrently with his federal sentence. At the State Court Plea, the State dismissed the Armed Criminal Action and Robbery in the First Degree charges and recommended a 15-year sentence for Armed Criminal Action and Robbery in the First Degree to run concurrent with Harris's federal sentence. Harris entered an *Alford* guilty plea,[1] and the State Plea Court sentenced Harris to 15 years in the Missouri Department of Corrections ("MDOC") to run concurrent with his federal sentence.

Thereafter, Harris was sent to the MDOC. Harris filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Post-conviction Counsel ("PCR Counsel") was appointed to represent Harris. PCR Counsel filed an amended 24.035 Motion ("PCR Motion"), which included a claim that Harris did not understand the consequences of the plea agreement, Plea Counsel coerced Harris into pleading guilty, and Harris did not understand the amount of his sentence.

The State Plea Court held a post-conviction evidentiary hearing ("PCR Hearing"), where

---

[1] An *Alford* plea: "Also known as a 'best-interests plea,' an Alford plea registers a formal claim neither of guilt nor innocence toward charges brought against a defendant in criminal court. Like a nolo contendere plea, an Alford plea arrests the full process of criminal trial because the defendant -- typically, only with the court's permission --   accepts all the ramifications of a guilty verdict (i.e. punishment) without first attesting to having committed the crime. The name, Alford plea, is taken from *North Carolina v. Alford*, 400 U.S. 25 1970."   See https://www.law.cornell.edu/wex/alford_plea (last visited October 7, 2021).

Harris and Plea Counsel testified. Plea Counsel testified that Harris made the decision to plead guilty "[i]n light of the fact he was already serving a 25-year [federal] sentence, which would completely swallow the 15-year [state] sentence." During the PCR Hearing, Harris was not asked about his consecutive sentences.  The State Plea Court denied Harris's PCR Motion and found that his claims were refuted by the record in its Findings of Fact, Conclusions of Law, and Judgment.

Harris filed his Notice of Appeal and appeal to the Missouri Court of Appeals to the Southern District.  Harris argued he was abandoned by PCR Counsel because she pleaded a deficient amended motion and failed to present evidence on Harris's behalf.  Harris stated PCR Counsel failed to raise the validity of the state court plea agreement and failed to allege it was breached or unfulfilled, based upon a mutual mistake or ineffective assistance of counsel.  Harris asked the Court of Appeals to grant him a new evidentiary hearing or allow him to withdraw his plea.  The Court of Appeals affirmed the state court's judgment and declined to review Harris's claim or grant him a new evidentiary hearing to develop the record because Harris had not previously raised these issues. (ECF No. 9-5).

On March 28, 2016, Harris filed his Writ of Habeas Corpus.   (ECF No. 1). After this Court initially denied Harris's claim for habeas relief, the Eighth Circuit Court of Appeals remanded this action for a hearing on Harris's claim that his trial counsel provided ineffective assistance of counsel by advising Harris that his state prison term would run concurrently with his federal prison term.   (ECF No. 26). On June 21, 2021 this Court held an evidentiary hearing on Harris's claim. The parties introduced live testimony of Harris, deposition transcripts from Harris's Plea and PCR counsel, and other relevant documents.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d).  "'A state court's decision is contrary to clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).  The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  "A [s]tate court unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where

it should apply." *Williams*, 529 U.S. at 407. A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

As to Petitioner's ineffective assistance of counsel claim, he "must show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Strong v. Roper,* 737 F.3d 506, 517 (8th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under this standard, counsel must "'make reasonable investigations or ... make a reasonable decision that makes particular investigations unnecessary.'" *Id.* (quoting *Strickland,* 466 U.S. at 691). "'Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.'" *Id.* (quoting *Bucklew v. Luebbers,* 436 F.3d 1010, 1016 (8th Cir. 2006)). The Court's review is governed by both § 2254(d) and *Strickland,* meaning the Court must be "'twice deferential: we apply a highly deferential review to the state court decision; the state court, in turn, is highly deferential to the judgments of trial counsel.'" *Strong,* 737 F.3d at 517 (quoting *Nooner v. Norris,* 402 F.3d 801, 808 (8th Cir.2005)); *see also Harrington v. Richter*, 562 U.S. 86, 105 (2011) (stressing the difficulty of overcoming both § 2254(d) and *Strickland* "when the two apply in tandem"); *Forrest v. Steele*, 764 F.3d 848, 853 (8th Cir. 2014) (same).

## DISCUSSION

### A. Procedural Default

As stated, Harris claims that his plea counsel was ineffective in that he pleaded guilty to a state assault charge with the understanding that his 15-year state sentence would run concurrent with his then-25-year federal sentence. The parties agree that Harris did not raise this issue during

post-conviction review.

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)); *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."); *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019). It is undisputed that the constitutional claim at issue here is procedurally defaulted because Harris's state postconviction counsel did not present it to any Missouri state court in accordance with state procedural rules. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) (en banc) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

Nevertheless, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10. Ineffective assistance of state postconviction counsel generally does not provide cause to excuse a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991). A narrow exception to this general rule permits federal courts to find cause to excuse procedural default where:

> (1) the claim of ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the "initial" review proceeding with respect to the "ineffective-assistance-of-trial-counsel claim."

*Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014).

– 6 –

(quoting *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)); *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019).

Harris argues, without support, that the outcome of this case would have been different but for plea counsel's allegedly defective representation: "If Plea Counsel had been effective and discovered that Petitioner's State sentence would not be swallowed up by his federal sentence-[sic] then Plea Counsel could have negotiated for a lesser count, for less time or even probation that would have ran while Petitioner was in BOP, or had more ammunition to get that dismissal she wanted the prosecution to give her." (ECF No. 55 at 8). Further, Harris contends he has established "cause" under the exception in *Martinez* based upon PCR counsel's allegedly defective performance. Harris contends that "[b]ut for PCR Counsel's unprofessional error of failing to ask Plea Counsel about her false legal advice, the result of the PCR hearing and/or any subsequent appeal would have been different, thus causing prejudice to" Harris. (ECF No. 55 at 9). Thus, Harris claims he has shown that the exception in *Martinez* applies and procedural default is excused for his claim. Harris argues that his previous guilty plea should be vacated and this matter remanded to State court.

As stated, both sides agree that Harris procedurally defaulted his ineffective assistance of Plea Counsel claim by not raising it during post-conviction review. Although Harris argues his default is excused, the Court holds that Harris has failed to demonstrate excuse for his default under *Martinez*. Harris's post-conviction counsel ("PCR Counsel") provided a deposition in this case. (ECF No. 45-1). Although PCR Counsel did not have significant independent knowledge of Harris's claims, she stated that defendants frequently argue during post-conviction proceedings that they were confused regarding the consecutive or concurrent effects of their sentences. (ECF

No. 45-1 at 40).   PCR Counsel stated that if Harris had informed her about a sentencing issue, she "[m]ost likely" would have raised it in Harris's amended PCR motion.   (ECF No. 45-1 at 40).

More importantly, Harris provides no evidence that he told PCR Counsel about any problems with his state and federal sentences.   At Harris's federal sentencing hearing, Harris told the Court he did not bring that issue up during his state post-conviction proceedings.   *United States v. Harris*, Case No. 1:10-CR-72, ECF No. 246 at 11-12.   Harris claims that, during his post-conviction proceedings, he still believed that his sentences were running concurrently.   Thus, Plea Counsel cannot be ineffective for failing to address an issue that was not evident in the record and could only be proven through Harris's testimony.   The Court holds that Harris has not overcome the strong presumption under *Strickland* that his PCR Counsel was effective in drafting his PCR Motion. *See Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689) ("Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment."). The Court holds that Harris procedurally defaulted on his claim for ineffective assistance of counsel because he did not raise this issue in his PCR Motion.   The Court denies Harris's claim for habeas relief because it has been procedurally defaulted.

### B. Ineffective Assistance of Plea Counsel Claim

In addition, even if the Court did not find that Harris's ineffective assistance of counsel claim was not procedurally defaulted, the Court holds that Harris's Plea Counsel was not ineffective, given the circumstances of Harris's plea.   Harris insisted on pleading guilty without notice to his counsel, giving his Plea Counsel no opportunity to research potential sentencing issues. (ECF No. 45-2 at 69-70).   Plea Counsel admitted that she was unaware of 18 U.S.C.

Case: 4:16-cv-00417-RLW   Doc. #:  56   Filed: 11/08/21   Page: 9 of 11 PageID #: 633

§3584, which resulted in Harris's federal sentence to run consecutively with his state sentence. Plea Counsel, however, said that if Harris had not insisted on pleading guilty when he did, then she "would have gone back and spoken with [Harris's federal counsel] further before a plea." (ECF No. 45-2 at 69-70). Presumably Plea Counsel would have had the opportunity to research issues related to the impact of Harris's federal sentence on his state sentence. Thus, Plea Counsel cannot be found to be ineffective when Harris's own actions—his insistence on pleading guilty without prior notice—prevented Plea Counsel from researching and determining the ramifications of his actions. (Resp. Ex. A at 40-43, 50-53).

Plea Counsel further clarified that she had little opportunity to explore Harris's state charges because he was in federal custody until he pleaded guilty to the federal charges on May 29, 2012. Thus, Harris denied himself the opportunity for his counsel to determine the effect of his federal sentence on his state plea because of his insistence on a plea that day. Plea Counsel would have had an opportunity to investigate Harris's state charges, but was unable to due to Harris's instance on pleading guilty on July 12, 2012. (ECF No. 45-2 at 15, 68-69). Thus, the Court finds that Plea Counsel's representation of Harris was reasonable, given her knowledge at the time of the plea. *See Enriquez v. Ludwick*, 305 F. Supp. 3d 994, 1005 (S.D. Iowa 2018) (quoting *Strickland*, 466 U.S. at 688–89 ("Reasonableness" depends on "prevailing professional norms" at the time counsel acted, with "every effort ... made to eliminate the distorting effects of hindsight, ... to evaluate the conduct from counsel's perspective at the time.")).

### C. Prejudice

Most persuasively, the Court holds that Harris has not demonstrated that he was prejudiced by any allegedly deficient representation. The same two-part *Strickland* standard applies to ineffective-assistance claims arising out of the plea process *Hill v. Lockhart*, 474 U.S. 52, 57

– 9 –

(1985). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.   Harris has not shown that his counsel's advice regarding the effect of his federal sentence on his state sentence caused him to plead guilty.

Harris was facing charges of first-degree assault and first-degree robbery, and armed criminal action.   First-degree assault and first-degree robbery are Class A felonies and dangerous felonies.  *See* Mo. Rev. Stat. 566.061(19) (identifying dangerous felonies).   Harris could have received a sentence of life imprisonment on both first-degree assault and first-degree robbery, which would have required him to serve 85% of any sentence imposed before he would be eligible for parole.   Instead, after pleading guilty to assault, Harris received a fifteen year sentence, and the State dismissed the other counts.   (Resp. Ex. B. at 14-24, 25-26).

The evidence against Harris was overwhelming.   The victim, who was familiar with Harris, identified him.   Harris's voluntary confession was played for the court and unequivocally established his guilt.   The crime scene photographs showed blood throughout the victim's home. In fact, Plea Counsel remembered viewing the bloody mattress years later because it was "so graphic."   (ECF No. 45-2 at 66-67).

Harris did not provide counsel with the names of any witnesses who could testify on behalf of the defense. (ECF No. 9-1 at 37-38).   At the evidentiary hearing before this Court, Harris stated he did not want to go to trial with his Plea Counsel as his attorney. Harris testified that he "possibly" would have gone to trial if he had a different attorney.   The Court finds that Harris has not shown that he would have gone to trial but for his Plea Counsel's advice.   Likewise, during his state post-conviction review proceedings, the state court founds that Harris had not shown he was willing to go to trial, and the Court found Harris had not established prejudice.   (ECF No. 9-

2 at 63-64).

Although Harris indicates he did not understand that his sentences would be consecutive, the Court holds that Harris received a reasonable sentence under the circumstances. Harris would not have received concurrent sentences under federal law. If Harris had gone to trial, he would have "faced life without the possibility of probation or parole in a case in which the evidence against him was very strong." (ECF No. 9-2 at 64). Thus, the Court finds that Harris has not established prejudice because he has not shown that he would not have pleaded guilty and proceeded to trial, even if he had known his sentences would run consecutively. Therefore, the Court denies Harris's habeas petition.

**IT IS HEREBY ORDERED** that Petitioner Jim Harris, Jr.'s writ of habeas corpus is **DENIED**. An Order of Dismissal is filed herewith.

**IT IS FURTHER ORDERED** the Court **DENIES** a certificate of appealability.

Dated this 8th day of November, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE